Citation Nr: 1719091 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 14-25 731 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant




ATTORNEY FOR THE BOARD

S. M. Stedman, Associate Counsel


INTRODUCTION

The Veteran served on active duty from October 1966 to December 1973. He passed away in September 2011. The Appellant is his surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.
 
In January 2017, the Appellant testified at a hearing before the undersigned Veterans Law Judge (VLJ). For the reasons stated below, a transcript of that hearing has not been associated with the claims file.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Unfortunately, the Appellant's claim must be remanded for further development. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide her claim so she is afforded every possible consideration. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159(c), (d) (2016). 

As noted above, in January 2017, the Appellant testified at a Board hearing before the undersigned Veterans Law Judge (VLJ). Unfortunately, due to audio malfunctions heard throughout the records, a written transcript could not be produced. Thus, in essence, the Appellant has not been afforded her right to a hearing before the Board. 38 C.F.R. § 20.700 (2016) (a hearing will be granted to an appellant who requests a hearing); see also 38 U.S.C.A. § 7107 (West 2014); 38 C.F.R. §§ 20.703, 20.704 (pertaining specifically to hearings before the Board).

In an April 26, 2017 letter, the Appellant was informed that the recording was inaudible and that a written transcript could not be produced. The letter offered the Appellant the opportunity for a new hearing. On May 2, 2017, the Board received correspondence from the Appellant and her representative requesting a video-conference hearing. Therefore, a remand is warranted to schedule the requested hearing.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Schedule the Appellant for a video-conference hearing before the Board at the earliest available opportunity, notifying her and her representative of the date and time of the hearing. See 38 C.F.R. § 20.704 (2016).

2. After the hearing is conducted, return the case to the Board for further review. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
P. M. DILORENZO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).